**Leonel FLORES–TORRES, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–71067.

I & NS No. A75–485–949.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2002.

Decided April 15, 2002.

Before WARDLAW, W. FLETCHER, Circuit Judges, and WHYTE,* District Judge.

MEMORANDUM **

We are asked to review two distinct administrative decisions involving Leonel Flores–Torres, a native and citizen of Mexico. The first decision, by the Legalization Appeals Unit ("LAU"), denied Flores–Torres' application for temporary residence status as a special agricultural worker ("SAW") under 8 U.S.C. § 1160. The second decision, by the Board of Immigration Appeals ("BIA"), denied Flores–Torres' application for cancellation of removal. Pursuant to 8 U.S.C. § 1160(e)(3)(A), we are allowed to review the denial of Flores–Torres' application for temporary residence in conjunction with our review of his

final order of removal. We affirm both decisions. Because the parties are familiar with the facts and prior proceedings, we do not restate them unless necessary.

*LAU Decision*

According to 8 U.S.C. § 1160(b)(3)(B), once an alien produces sufficient evidence to show "as a matter of just and reasonable inference" that he has worked at least 90 man-days during the 12–month period ending on May 1, 1986, the burden shifts to the Attorney General to disprove the alien's evidence with a "showing which negates the reasonableness of the inference to be drawn from the evidence." Flores–Torres contends that once he submitted a non-frivolous application for temporary residence, including an affidavit by Esequiel Peinado attesting that Flores–Torres worked 95 days harvesting strawberries at the Chavez Farm during the relevant time period, the burden shifted to the INS to disprove his claim of employment. The INS relied upon a letter from Miguel Chavez, the owner of Chavez Farm, to deny Flores–Torres' application. According to Flores–Torres, the letter sent from Chavez to the United States Department of Justice "does not disprove [his] claim of employment but in fact corroborates the majority of the claims made by [him]." Thus, according to Flores–Torres, the INS did not meet its burden of disproving Flores–Torres' evidence of employment. Flores–Torres further asserts that the INS should have contacted Peinado to clarify any discrepancies between his affidavit and Chavez' letter.

Upon review of Peinado's affidavit and Chavez' letter, we hold that the INS suc-

* The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, *sitting by designation.*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

cessfully negated "the reasonableness of the inference to be drawn" from Flores–Torres' evidence of employment and thereby met its burden for purposes of shifting it back to Flores–Torres. It does not appear likely, from a reasonable reading of the Chavez letter, that Flores–Torres was employed by Peinado to harvest strawberries for 90 days on the Chavez Farm between May 1, 1985 and May 1, 1986. We therefore hold that the INS did not have a duty to investigate further Chavez' claim of employment. Because the Chavez letter shifted the burden back to Flores–Torres, who did not provide further evidence of employment, the LAU did not err in denying Flores–Torres' application.

*BIA Decision*

■ Flores–Torres argues that the BIA's decision that his removal would not result in exceptional and extremely unusual hardship to his daughter violates the equal protection guarantee of the Constitution. Flores–Torres appears to assert in his brief that the BIA's decision violates not his own equal protection rights but, rather, the equal protection rights of his daughter, a United States citizen: "In reaching a blanket-like determination that Petitioner's daughter cannot show the prerequisite level of hardships because of her tender age or wealth status, the BIA placed Petitioner's daughter into an impermissible classification based upon a suspect category in violation of equal protection." Even if age and wealth were suspect categories for purposes of cancellation of removal, Flores–Torres has not shown that the BIA has allowed a similarly situated group of persons to establish exceptional and extremely unusual hardship based on greater age or wealth. Moreover, the Immigration Judge's ("IJ") emphasis of the fact that "[Flores–Torres' daughter] does not have any health needs that would require any specialized treatment" suggests that if Flores–Torres had shown that his daughter suffered health problems that could only be treated in the United States, the IJ (and the BIA) would have found exceptional and extremely unusual hardship despite her young age and lack of wealth.

The LAU decision and BIA decision are both AFFIRMED.